## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

———————————————————————— )
ANTHONY TARASOFF, on behalf of )
himself and all others similarly situated, )      Civil Action No.
)
Plaintiffs, )
)
v. )      **JURY DEMANDED**
)
TRADITION TRANSPORTATION )
COMPANY, LLC; and TRADITION LEASING )
SYSTEMS, LLC, )
)
Defendants. )
———————————————————————— )

## CLASS AND COLLECTIVE ACTION COMPLAINT

### I.    INTRODUCTION

1.      Plaintiff Anthony Tarasoff brings this action on behalf of himself and all other similarly situated individuals who have worked for Defendant Tradition Transportation Company, LLC ("Tradition Transportation") as truck drivers and/or who leased equipment from Defendant Tradition Leasing Systems, LLC ("Tradition Leasing") (collectively, "Defendants") and used it to work as a truck driver for Tradition Transportation.  Plaintiff alleges that Tradition Transportation failed to pay him and other drivers all the wages they were entitled to receive, in violation of the federal Fair Labor Standards Act ("FLSA") and Indiana state wage laws. Plaintiff also alleges that Defendants violated 49 U.S.C. § 14102 and the Truth-in-Leasing ("TIL") regulations, and subjected him and other drivers to unfair and deceptive business practices in violation of the Indiana Business Opportunity Transactions Act ("BOTA"), I.C. §§ 24-5-8 *et seq.*

2.      Plaintiff seeks damages on behalf of himself and other drivers arising from Defendants' unlawful practices, including, without limitation, all unpaid wages, liquidated damages, civil penalties as appropriate, appropriate ancillary relief, injunctive relief, interest, costs and attorneys' fees, and all other relief to which they are entitled.

3.      Plaintiff alleges the following:

4.      First, Tradition Transportation misclassified Plaintiff and other drivers as independent contractors when they were, in fact, its employees, in violation of the FLSA and Indiana state wage laws.

5.      Second, Tradition Transportation failed to pay Plaintiff and other drivers an hourly rate equal to or exceeding the applicable minimum wage for each hour they attended new hire orientation and/or training, in violation of the FLSA.

6.      Third, Tradition Transportation failed to pay Plaintiff and other drivers an hourly rate equal to or exceeding the applicable minimum wage for each hour they worked for the company after they attended new hire orientation and/or training, in violation of the FLSA.

7.      Fourth, Tradition Transportation subjected Plaintiff and other drivers to assignments of wages that were not revocable at any time, in violation of I.C. § 22-2-6-2(a)(1)(C).

8.      Fifth, Tradition Transportation subjected Plaintiff and other drivers to invalid assignments of wages, in violation of I.C. § 22-2-6-2(b).

9.      Sixth, Tradition Transportation failed to timely pay Plaintiff and other drivers for all the wages they earned, in violation of the Indiana Wage Payment Statute, I.C. § 22-2-5-1.

10.     Seventh, Defendants' contracts and relationships with Plaintiff and other drivers violated 49 U.S.C. § 14102 and the TIL regulations and the Indiana BOTA, I.C. §§ 24-5-8 *et seq.*

A.    **Tradition Transportation.**

      i.    **TIL regulations.**

11.    Tradition Transportation leased trailers to Plaintiff and other drivers but failed to provide them with lease agreements, in violation of 49 U.S.C. § 14102 and the TIL regulations, 49 C.F.R. § 376.11 *et seq.*

12.    Tradition Transportation required Plaintiff and other drivers to pay escrow funds but did not pay them interest on the escrow funds, in violation of 49 U.S.C. § 14102 and the TIL regulations, 49 C.F.R. § 376.12(k)(5).

13.    Tradition Transportation required Plaintiff and other drivers to pay escrow funds but did not specify in a contract the items to which the escrow funds could be applied, in violation of 49 U.S.C. § 14102 and the TIL regulations, 49 C.F.R. § 376.12(k)(2).

14.    Tradition Transportation failed to clearly state in a contract the amount Tradition Transportation would pay drivers for equipment the company leased from them and/or for the services they provided to the company, in violation of 49 U.S.C. § 14102 and the TIL regulations, 49 C.F.R. § 376.12(d).

15.    Tradition Transportation failed to clearly specify in a contract all items that would be initially paid for by Tradition Transportation and later recovered as a chargeback from a driver's compensation or settlement, or provide a recitation as to how the amount of each item would be computed, in violation of 49 U.S.C. § 14102 and the TIL regulations, 49 C.F.R. § 376.12(h).

16.    Tradition Transportation failed to clearly set forth in a contract drivers' responsibilities with respect to the cost of fuel, in violation of 49 U.S.C. § 14102 and the TIL regulations, 49 C.F.R. § 372.12(e).

17.     Tradition Transportation failed to specify in a contract the terms of any agreement in which drivers were parties to equipment rental contracts that gave Tradition Transportation the right to take deductions from drivers' compensation for rental payments, in violation of 49 U.S.C. § 14102 and the TIL regulations, 49 C.F.R. § 376.12(i).

        ii.     **The Indiana BOTA.**

18.     Tradition Transportation leased trailers to Plaintiff and other drivers but failed to provide them with lease agreements, in violation of the Indiana BOTA, I.C. §§ 24-5-8-6(a), 24-5-8-16(a)(3).

19.     Tradition Transportation failed to provide Plaintiff or other drivers who leased trailers from the company with statutorily required disclosures concerning the business opportunity the company offered them, in violation of the Indiana BOTA, I.C. § 24-5-8-2.

20.     Tradition Transportation failed to provide Plaintiff or other drivers with the statutorily required notice of their right to cancel their trailer leases within 30 days of executing them, in violation of the Indiana BOTA, I.C. § 24-5-8-(b)(6).

21.     Tradition Transportation made claims about drivers' earning potential but failed to provide certain statutorily required data to substantiate those claims to Plaintiff or other drivers, in violation of the Indiana BOTA, I.C. § 24-5-8-5.

22.     Tradition Transportation failed to include its business address in its contract with Plaintiff and other drivers, in violation of the Indiana BOTA, I.C. § 24-5-8-6(b)(1).

23.     Tradition Leasing failed to include in its contracts with Plaintiff and other drivers the name and business address of an agent in Indiana who was authorized to receive service of process for the company, in violation of the Indiana BOTA, I.C. § 24-5-8-6(b)(1).

**B.    Tradition Leasing.**

      **i.    The Indiana BOTA.**

24.    Tradition Leasing made claims about lessees' earning potential but failed to provide certain statutorily required data to substantiate those claims to Plaintiff or other lessees, in violation of the Indiana BOTA, I.C. § 24-5-8-5.

25.    Tradition Leasing required Plaintiff and other lessees who leased trucks from the company to execute a note that cut off their rights to pursue certain claims against Tradition Leasing, in violation of the Indiana BOTA, I.C. §§ 24-5-8-8, 24-5-8-9, 24-5-8-10.

26.    Tradition Leasing failed to provide Plaintiff and other lessees with statutorily required disclosures concerning the business opportunity the company offered them, in violation of the Indiana BOTA, I.C. § 24-5-8-2.

27.    Tradition Leasing failed to provide Plaintiff and other lessees with the statutorily required notice of their right to cancel their truck leases within 30 days of executing them, in violation of the Indiana BOTA, I.C. § 24-5-8-6(b)(6).

28.    Tradition Leasing failed to include its business address in its contract with Plaintiff and other lessees, in violation of the Indiana BOTA, I.C. § 24-5-8-6(b)(1).

29.    Tradition Leasing failed to include in its contracts with Plaintiff and other lessees the name and business address of an agent in Indiana who was authorized to receive service of process for the company, in violation of the Indiana BOTA, I.C. § 24-5-8-6(b)(1).

**II.    PARTIES**

30.    Plaintiff Anthony Tarasoff is an adult resident of Canyon, Texas.  In or about 2022, he worked as a driver for Tradition Transportation and leased a trailer from the company. He also leased a truck from Tradition Leasing to use to work as a driver for Tradition

Transportation.  Tradition Transportation misclassified Plaintiff as an independent contractor when he was really the company's "employee" within the meaning of the FLSA and Indiana state law.  Tradition Transportation failed to pay him all the wages he was entitled to receive under the FLSA and Indiana state wage laws.  Tradition Transportation's and Tradition Leasing's respective lease arrangements with Plaintiff violated 49 U.S.C. § 14102 and the TIL regulations, as well as the Indiana BOTA.

31.    Plaintiff brings his claims against Tradition Transportation on behalf of himself and several classes of similarly situated individuals who have worked for the company as drivers.

32.    For the FLSA claims against Tradition Transportation, Plaintiff brings this action on behalf of all similarly situated individuals who may choose to "opt in" to this action pursuant to the FLSA, 29 U.S.C. § 216(b).  The claims under the FLSA meet the requirements for collective action certification set forth in 29 U.S.C. § 216(b).

33.    Plaintiff and all others similarly situated are individually covered by the FLSA because they engaged in commerce or in the production of goods for commerce.

34.    Pursuant to 29 U.S.C. § 216(b), Plaintiff consents to sue as a plaintiff under the FLSA.  His consent to sue form is attached as Exhibit A.

35.    For the Indiana state wage law claims against Tradition Transportation, Plaintiff brings this action on behalf of all similarly situated individuals pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The proposed class for these claims meets the requirements of Rule 23 for class certification.

36.    For the TIL claims against Tradition Transportation, Plaintiff brings this action on behalf of all similarly situated individuals pursuant to Rule 23 of the Federal Rules of Civil

Procedure.  The proposed class for these claims meets the requirements of Rule 23 for class certification.

37.    For the Indiana BOTA claims against Tradition Transportation, Plaintiff brings this action on behalf of all similarly situated individuals pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The proposed class for these claims meets the requirements of Rule 23 for class certification.

38.    Plaintiff brings Indiana BOTA claims against Tradition Leasing on behalf of himself and all others similarly situated, namely all other individuals who leased a truck from the company and used it to work as a driver for Tradition Transportation.

39.    Plaintiff brings those claims pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The proposed class for these claims meets the requirements of Rule 23 for class certification.

40.    Tradition Transportation is an Indiana limited liability company that employs individuals (including Plaintiff) as drivers.  On information and belief, Tradition Transportation has revenues in excess of $500,000 per year and it has employed two or more persons, including Plaintiff, who handled and worked on materials which had been moved in interstate commerce. Tradition Transportation was an "employer" of Plaintiff and other similarly situated drivers within the meaning of the FLSA and the Indiana state wage laws, an "authorized carrier" and/or "carrier" within the meaning of the TIL regulations, and a "seller" within the meaning of the Indiana BOTA.

41.    Tradition Leasing is an Indiana limited liability company that sells and leases trucking equipment.  Tradition Leasing is a "seller" within the meaning of the Indiana BOTA.

### III.    JURISDICTION AND VENUE

42.    This Court has subject matter jurisdiction under 29 U.S.C. § 216(b) and under 28 U.S.C. § 1331 because this case arises under the laws of the United States.  Specifically, this action arises under the FLSA, 29 U.S.C. § 201, et seq.

43.    This Court has personal jurisdiction over Defendants pursuant to Rule 4(k)(1)(a) of the Federal Rules of Civil Procedure because Defendants are subject to the jurisdiction of a court of general jurisdiction in the State of Indiana; and the United States District Court for the Southern District Court of Indiana is in Indiana.

44.    Venue is proper in the United States District Court for the Southern District of Indiana pursuant to 28 U.S.C. § 1391(b) because Plaintiff and Defendants agreed to litigate any/all claims Plaintiff has against Defendants in the venue.

### IV.    FACTS

#### A.    Tradition Transportation.

45.    Tradition Transportation is a motor carrier based in Indiana.

46.    Tradition Transportation offers nationwide over-the-road, regional, and local hauling and transportation services.

47.    Tradition Transportation is located at the same address as Tradition Leasing.

48.    Joseph Montel is the general counsel of Tradition Transportation.

49.    Tradition Transportation sells and/or leases and/or offers to sell and/or lease trucks, trucking equipment, and/or trucking services that are used by drivers for beginning and/or operating a business.

50.     To buy or lease trucks, trucking equipment, and/or trucking services, lease purchase drivers must make an initial payment to Tradition Transportation of more than $500 and initial cash payment of less than $50,000.

51.     On or about April 5, 2022, Tradition Transportation hired Plaintiff as a truck driver to transport goods in interstate commerce for its customers.

52.     Plaintiff worked for Tradition Transportation out of its facility in Angola, Indiana.

53.     During all times relevant to this action, Tradition Transportation employed Plaintiff and all other drivers in an "enterprise engaged in commerce or in the production of goods for commerce," as defined by 29 U.S.C. § 203(s)(1).

54.     During all times relevant to this action, Tradition Transportation employed Plaintiff and all other similarly situated drivers to handle and otherwise work on goods or materials that had been moved in or were produced for commerce by any person.

55.     Tradition Transportation classified Plaintiff as an independent contractor.

56.     All terms of Tradition Transportation's engagement of Plaintiff are memorialized in a contract titled, "Independent Contractor Agreement" ("ICA").[1]

**B.    Tradition Leasing.**

57.     Tradition Leasing is a trucking equipment dealer in Indiana.

58.     Tradition Leasing sells and/or leases and/or offers to sell and/or lease trucks and trailers that are used by drivers for beginning and/or operating a trucking business.

59.     Tradition Leasing is located at the same address as Tradition Transportation.

60.     Joseph Montel is the president and chief executive officer of Tradition Leasing.

---

[1] Attached as Exhibit B.

61.     On or about April 6, 2022, Plaintiff leased a truck from Tradition Leasing for the express purpose of using it to transport goods in interstate commerce for Tradition Transportation.

62.     The terms of Plaintiff's lease with Tradition Leasing are memorialized in a contract titled, "Master Equipment Lease Agreement" ("MELA").[2]

63.     The MELA requires an initial payment by lessors like Plaintiff of more than $500 and an initial cash payment of less than $50,000.

### C.     Tradition Transportation misclassified Plaintiff and other drivers as independent contractors.

64.     Tradition Transportation classified Plaintiff as an independent contractor when he was really the company's employee.

65.     On information and belief, Tradition Transportation classifies all drivers who entered the ICA (or a similar document) as independent contractors.

66.     Drivers who Tradition Transportation classifies as independent contractors were really the company's employees.

67.     Tradition Transportation utilizes both employees and independent contractors to transport goods in interstate commerce for its customers.

68.     On information and belief, Plaintiff and other drivers classified as independent contractors perform the same services for Tradition Transportation as drivers the company classified as employees.

69.     Tradition Transportation drafted the terms of the ICA.

70.     Tradition Transportation presented the ICA to Plaintiff and other drivers on a take-it-or-leave-it basis.

---

[2] Attached as Exhibit C.

71.     Tradition Transportation required Plaintiff and other drivers to use an "electronic logging device" ("ELD") in their trucks while performing services for the company.

72.     Tradition Transportation used the ELDs for load dispatching, tracking shipments for customers, and monitoring the activities of Plaintiff and other drivers, such as the hours they worked and the distances they drove.

73.     Tradition Transportation and Tradition Leasing conspired to prevent Plaintiff and other drivers from working for any carrier other than Tradition Transportation.

74.     If Plaintiff or another driver ended his or her relationship with Tradition Transportation, he or she would be in breach of the MELA (or similar contract) and subject to substantial penalties, including liquidated damages.

75.     Because the term of the MELA was six years, Plaintiff and any other driver who executed the MELA (or a similar contract) were effectively barred from working for any carrier other than Tradition Transportation for six years.

76.     Plaintiff and other drivers were economically dependent on Tradition Transportation's business.

77.     Tradition Transportation had exclusive authority over the rates customers would be billed for the services Plaintiff and other drivers provided.

78.     Tradition Transportation issued all bills to its customers for the services Plaintiff and other drivers provided.

79.     Tradition Transportation collected all compensation from its customers for the services Plaintiff and other drivers provided.

80.     Tradition Transportation paid Plaintiff and all other drivers for their services.

81.     Tradition Transportation's customers did not pay Plaintiff or other drivers for their services.

82.     Tradition Transportation determined the method used to compensate Plaintiff and other drivers for their services.

83.     Tradition Transportation paid Plaintiff and other drivers a percentage of the amount the company billed its customers for the services Plaintiff and other drivers provided.

84.     Tradition Transportation determined the percentage it paid Plaintiff and other drivers of the amount the company billed its customers for the services Plaintiff and other drivers provided.

85.     Tradition Transportation determined the types of deductions and chargebacks it took from the compensation paid to Plaintiff and other drivers.

86.     Tradition Transportation determined the amounts of the deductions and chargebacks it took from the compensation paid to Plaintiff and other drivers.

87.     Tradition Transportation determined the types of insurance policies Plaintiff and other drivers were required to obtain.

88.     Tradition Transportation determined the pay periods over which Plaintiff and other drivers received compensation for their services.

89.     Tradition Transportation required Plaintiff and other drivers to meet minimum driver qualification standards.

90.     Tradition Transportation required Plaintiff and other drivers to abide by any/all policies of its customers.

91.     Tradition Transportation required Plaintiff and other drivers to have their trucks inspected annually at either Tradition Transportation's facility or another facility approved by Tradition Transportation.

92.     Tradition Transportation required Plaintiff and other drivers to make their trucks available to the company for inspection at least once every 90 days and upon reasonable request by Tradition Transportation.

93.     Plaintiff and other drivers cannot use their trucks to provide services to other carriers unless Tradition Transportation provides prior written consent.

**D.      Tradition Transportation failed to pay Plaintiff and other drivers all the wages they were entitled to receive under the FLSA and Indiana state wage laws.**

**i.       FLSA.**

94.     When a driver starts working for Tradition Transportation, he or she is required to attend orientation at one of the company's facilities in Indiana.

95.     The orientation is conducted by Tradition Transportation employees.

96.     The orientation is three or four days.

97.     Plaintiff attended the orientation.

98.     Tradition Transportation did not pay Plaintiff for attending orientation.

99.     Upon information and belief, Tradition Transportation did not pay 40 or more drivers similarly situated to Plaintiff for attending orientation during the two years preceding the filing date of this complaint.

100.    Following orientation, Tradition Transportation did not pay Plaintiff an hourly rate equal to or exceeding minimum wage for each hour he worked for the company.

101.    Plaintiff typically drove more than 70 hours each week he worked for Tradition Transportation.

102.    On information and belief, lease purchase drivers typically drove more than 70 each week they worked for Tradition Transportation.

103.    In a settlement statement dated May 12, 2022,[3] Tradition Transportation paid Plaintiff for two weeks of work during which he drove more than 140 hours.

104.    Because Plaintiff drove more than 140 hours for Tradition Transportation during that pay period, he was entitled to receive at least $1,015 in minimum wage.

105.    Tradition Transportation paid him $800 in gross wages, or about $5.71 an hour. *See* Ex. D.

106.    Plaintiff's last settlement statement is dated May 18, 2022.

107.    Plaintiff continued driving for Tradition Transportation after that date, but the company did not pay him for any of the hours he worked.

108.    Defendant's violations of the FLSA, as described herein, were willful and in reckless disregard for Plaintiff's and other similarly situated drivers' rights under the FLSA.

### ii.    Indiana state wage laws.

109.    Indiana state wage law requires that payment shall be made by employers to employees for all wages earned to a date not more than 10 business days prior to the date of payment.  *See* I.C. § 22-2-5-1(b).

110.    Indiana state wage law permits employers to take certain deductions from the wages paid to employees, which are considered assignments of wages.  *See* I.C. § 22-2-6-1(a); *see also* I.C. § 22-2-6-2(b).

---

[3] Attached as Exhibit D.

111.    Any such wage assignments must be revocable at any time by the employee upon written notice to the employer.  *See id.* at § 22-2-6-2(a)(1)(C).

112.    Tradition Transportation took deductions from the wages it paid Plaintiff for various costs and expenses.

113.    On information and belief, Tradition Transportation took deductions from the wages it paid all drivers similarly situated to Plaintiff for various costs and expenses.

114.    The deductions were invalid "assignments" under Indiana state wage laws.  *See* I.C. §§ 22-2-6-1(a); *see also* I.C. §§ 22-2-6-2 *et seq*.

115.    First, Tradition Transportation did not permit Plaintiff or other drivers to revoke the deductions.

116.    Second, Tradition Transportation took deductions from Plaintiff's wages for the purpose of paying costs and/or expenses that are not authorized by Indiana state wage laws, and, therefore, are invalid assignments.  *See* I.C. §§ 22-2-6-1(a).

117.    For example, in a settlement statement dated May 4, 2022, Tradition Transportation took at least 11 deductions for assignments from the wages it paid Plaintiff that are not permitted by Indiana state wage laws, such as deductions for fuel taxes, maintenance, and a license plate fee.  *See id*.

118.    On information and belief, Tradition Transportation took the same or similar deductions from the wages it paid other drivers.

119.    By taking deductions for invalid assignments from Plaintiff's and other similarly situated drivers' wages, Tradition Transportation failed to timely pay them all the wages they were entitled to receive.

120.    Tradition Transportation's violations of the Indiana state wage laws, as described herein, were committed in bad faith.

**E.    Tradition Transportation violated the TIL regulations.**

121.    The ICA is subject to the TIL regulations because it concerns the leasing of equipment with which transportation subject to regulation by the Secretary of Transportation would be performed.

122.    The ICA violated the TIL regulations in several ways.

123.    First, the TIL regulations require written leases for any contract or arrangement in which the owner grants use of equipment for a specified period to an authorized carrier for use in the regulated transportation of property, in exchange for compensation.  *See* 49 C.F.R. § 376.11(a).

124.    Tradition Transportation leased a trailer to Plaintiff for use in the regulated transportation of property in exchange for compensation.

125.    Tradition Transportation did not provide Plaintiff with a lease granting him use of the trailer, in violation of the TIL regulations, 49 C.F.R. § 376.11 *et seq*.

126.    On information and belief, Tradition Transportation did not provide a lease to any drivers for trailers the company leased to them during the two years preceding the filing date of this complaint, in violation of the TIL regulations, 49 C.F.R. § 376.11 *et seq*.

127.    Tradition Transportation charged Plaintiff $200 a week in rent for the trailer.

128.    On information and belief, Tradition Transportation charged other drivers $200 a week in rent for the trailers the company leased to them.

129.    Because Tradition Transportation failed to provide Plaintiff or other drivers with leases for the trailers the company rented to them, the company did not provide Plaintiff and

other drivers with statutory disclosures for the deductions and/or chargebacks taken from their wages for use of the trailers, and, therefore, Tradition Transportation took the deductions and/or chargebacks without authorization.

130.    Second, the TIL regulations require carriers to pay interest on any escrow funds collected from drivers.  *See* 49 C.F.R. § 376.12(k)(5).

131.    The ICA required drivers to pay escrow funds to Tradition Transportation via weekly deductions from their compensation.

132.    The ICA expressly states that Tradition Transportation would not pay interest on those escrow funds.  *See* Ex. B, Appendix E, § 4.

133.    Tradition Transportation took weekly deductions from Plaintiff's compensation for escrow funds.  *See* Ex. D.

134.    Tradition Transportation did not pay the interest accrued on those escrow funds to Plaintiff, in violation of the TIL regulations, 49 C.F.R. § 376.12(k)(5).

135.    On information and belief, Tradition Transportation took weekly deductions for escrow funds from the compensation paid to other drivers.

136.    Upon information and belief, Tradition Transportation did not pay the interest accrued on those escrow funds to any drivers, in violation of the TIL regulations, 49 C.F.R. § 376.12(k)(5).

137.    Third, the TIL regulations state that leases which require drivers to pay escrow funds must enumerate the specific items to which the escrow funds can be applied.  *See* 49 C.F.R. § 376.12(k)(2).

138.    The ICA requires drivers to pay escrow funds to Tradition Transportation for a "Maintenance Fund."  *See* Ex. B, Appendix C, Exhibit 2.

139.    The ICA never specifies the specific items the Maintenance Fund can be applied toward, in violation of the TIL regulations, 49 C.F.R. § 376.12(k)(2).  *See* generally Ex. B.

140.    Tradition Transportation took a weekly deduction from Plaintiff's compensation for a "Maintenance Fund."  *See* Ex. D.

141.    On information and belief, Tradition Transportation took weekly deductions for Maintenance Funds from the compensation it paid other drivers.

142.    The ICA requires drivers to pay escrow funds to Tradition Transportation for an "Operating Expense Reserve."  *See* Ex. B, Appendix C, Exhibit 2.

143.    The ICA never specifies the specific items the Operating Expense Reserve can be applied toward, in violation of the TIL regulations, 49 C.F.R. § 376.12(k)(2).  *See* generally Ex. B.

144.    Tradition Transportation took a weekly deduction from Plaintiff's compensation for the Operating Expense Reserve.  *See* Ex. D.

145.    Because the ICA never enumerates the specific items to which the escrow funds can be applied, Tradition Transportation used the funds to pay for unauthorized items, in violation of the TIL regulations, 49 C.F.R. § 376.12(k)(2).  *See, e.g.,* Ex. B, Appendix E, § 2.

146.    Fourth, the TIL regulations require the amount(s) carriers pay for equipment leased from drivers and/or drivers' services to be clearly stated in a lease or an attachment to it. *See* 49 C.F.R. § 376.12(d).

147.    The ICA does not clearly state the amount Tradition Transportation will pay drivers for equipment the company leases from them and/or services they provide to the company.

148.    For example, Appendix C, §§ 1(A) and 1(C) state that drivers will be paid 80% of the gross revenue Tradition Transportation bills customers.  *See* Ex. B.

149.    However, Appendix C, § 1(C)(ii) and (iii) set forth an unlimited list of items that may be deducted from that amount.  *See id*.

150.    Because the gross revenue used to calculate compensation for Plaintiff and other similarly situated drivers is subject to unlimited deductions, the ICA does not clearly state the amount they will be paid for equipment and/or services, and Tradition Transportation took unauthorized deductions from drivers' gross wages, in violation of the TIL regulations, 49 C.F.R. § 376.12(d).

151.    Fifth, the TIL regulations require that leases shall clearly specify all items that may be initially paid for by an authorized carrier, but ultimately deducted from a driver's compensation at the time of payment or settlement, together with a recitation as to how the amount of each item is to be computed.  *See* 49 C.F.R. § 376.12(h).

152.    The ICA does not clearly specify all items that may be initially paid for by Tradition Transportation and later recovered as a charge-back from a driver's compensation or settlement, or provide a recitation as to how the amount of each item is to be computed.

153.    For example, page 2 of Appendix C, Exhibit 2, titled, "Charge-back and Deduction Items," states that the cost of fuel will be deducted from drivers' compensation in an amount equal to the cost incurred by Tradition Transportation.  *See* Ex. B.

154.    However, § 10(F) of the ICA, titled "Fuel and Mileage Taxes," states that Tradition Transportation "shall be entitled to retain any rebates or other benefits under its fuel purchase program."  *See id*.

155.    By retaining rebates on drivers' fuel purchases or other benefits under fuel purchase programs, Tradition Transportation charged Plaintiff and other drivers more for fuel than they authorized the company to collect, in violation of the TIL regulations, 49 C.F.R. § 376.12(h).

156.    Sixth, the TIL regulations require that leases clearly set forth each party's responsibility with respect to the cost of fuel.  *See* 49 C.F.R. § 372.12(e).

157.    The ICA contains inadequate and inconsistent representations about fuel discounts and does not comply with the TIL regulations.

158.    For example, page 2 of Appendix C, Exhibit 2, titled, "Charge-back and Deduction Items," states that the cost of fuel will be deducted from drivers' compensation in an amount equal to the cost incurred by Tradition Transportation.  *See* Ex. B.

159.    Tradition Transportation also represents on social media and multiple times on its website that drivers receive all fuel discounts:

a.    "100% Fuel discounts are given to ALL drivers!"  *See* https://www. instagram.com/p/CO6bqKVNQkJ/ (last visited Sept. 27, 2022).

b.    "100% Fuel Discount with Loves."  *See, e.g.,* https://www.tradition equipmentsales.com/Inventory/?/listing/for-lease/210372947/2017-freightliner-cascadia-125-conventional-trucks-w-slash-sleeper-heavy-duty-trucks?dlr=1& accountcrmid=17319902&settingscrmid =17319902 (last visited Sept. 27, 2022).

160.    However, § 10(F) of the ICA, titled "Fuel and Mileage Taxes," states that Tradition Transportation "shall be entitled to retain any rebates or other benefits under its fuel purchase program."  *See* Ex. B.

161.     In other words, 100% of all fuel discounts are ***not*** passed on to drivers, despite Tradition Transportation's representations otherwise.

162.     Because the ICA makes inadequate, inconsistent, and misleading representations about fuel discounts, and Tradition Transportation deducts larger amounts from drivers' earnings for fuel costs than the amounts paid for the fuel, Tradition Transportation failed to clearly set forth each party's responsibility with respect to the cost of fuel in the ICA.

163.     Seventh, the TIL regulations require that leases shall specify the terms of any agreement in which a driver is a party to an equipment rental contract which gives an authorized carrier the right to make deductions from the driver's compensation for rental payments.  *See* 49 C.F.R. § 376.12(i).

164.     The ICA does not specify the terms of any contract or agreement in which Plaintiff is a party to a rental contract that authorized Tradition Transportation to take weekly deductions from drivers' compensation for "Truck Payments."  *See generally* Ex. B.

165.     The ICA states that Tradition Transportation could take a weekly deduction for a "Truck Payment" from Plaintiff's compensation in an amount "Per Lease Agreement."  *See* Ex. B, Appendix C, Exhibit 2.

166.     The ICA does not define the term "Lease Agreement" or specify the contract or agreement the term refers to.  *See generally* Ex. B.

167.     Each week Tradition Transportation deducted $935 as a "Truck Payment" from Plaintiff's compensation.

168.     The MELA did not give Tradition Transportation the right to deduct $935 a week from Plaintiff's compensation for a "Truck Payment."  *See generally* Ex. C.

169.    On information and belief, Tradition Transportation took weekly deductions for "Truck Payments" from the compensation it paid other lease purchase drivers.

170.    By failing to specify the terms of any agreement in which Plaintiff was a party to an equipment rental contract which gave Tradition Transportation the right to take deductions from his compensation for "Truck Payments," the deductions the company took from Plaintiff were unauthorized.

171.    Eighth, the TIL regulations require authorized carriers to return any escrow funds to a driver within 45 days from the date of termination.  *See* 49 C.F.R. § 376.12(k).

172.    Tradition Transportation failed to return escrow funds that Plaintiff paid within 45 days from the date his ICA was terminated.

173.    On information and belief, Tradition Transportation failed to return escrow funds that other lease purchase drivers paid within 45 days from the date their ICAs were terminated.

**F.    Tradition Transportation violated the Indiana BOTA.**

174.    Tradition Transportation's business of leasing trailers that are used by drivers for beginning and/or operating a trucking business, and offers to lease the same, are "business opportunities" under the Indiana BOTA.  *See* I.C. § 24-5-8-1.

175.    Drivers who lease trailers from Tradition Transportation are "investors" under the Indiana BOTA.  *See id*.

176.    Tradition Transportation violated the Indiana BOTA in several ways.

177.    First, the Indiana BOTA requires written leases for any lease or rental arrangement.  *See* I.C. §§ 24-5-8-6(a), 24-5-8-16(a)(3).

178.    Tradition Transportation leased a trailer to Plaintiff to be used in beginning or operating a business.

179.    Tradition Transportation charged Plaintiff $200 per week in rent for the trailer. *See* Ex. D.

180.    On information and belief, Tradition Transportation leased trailers to other drivers to be used in beginning or operating a business.

181.    On information and belief, Tradition Transportation charged other drivers $200 per week in rent for the trailers the company leased to them.

182.    Tradition Transportation did not provide Plaintiff with a lease granting him use of the trailer, in violation of the Indiana BOTA, I.C. §§ 24-5-8-6(a), 24-5-8-16(a)(3).

183.    On information and belief, Tradition Transportation did not provide a lease to any drivers for trailers the company leased to them, in violation of the Indiana BOTA, I.C. §§ 24-5-8-6(a), 24-5-8-16(a)(3).

184.    Second, the Indiana BOTA requires sellers to provide investors with certain data to substantiate any claims made about earning potential. *See* I.C. § 24-5-8-5.

185.    Tradition Transportation regularly made claims on social media about the amount of compensation drivers earn:

 c. "We have a fantastic leasing program with a yearly gross around $365,000 plus." *See* https://www.instagram.com/p/CZJ4DiNN5oa/ (last visited Sept. 21, 2022);

 d. "GROSS $7,000-10,000+ WEEKLY." *See* https://www.instagram.com/p/CPT0PPbt3Up/ (last visited Sept. 21, 2022);

 e. "GROSS $6000 – 7500 WEEKLY!" *See* https://www.instagram.com/p/CPBng DDtRjB/ (last visited Sept. 21, 2022);

 f. "GROSS $7,000-10,000+ WEEKLY!" *See* https://www.instagram.com/p/CO6bq KVNQkJ/ (last visited Sept. 21, 2022);

186.    Tradition Transportation never provided Plaintiff with the statutorily required data to substantiate the company's claims about drivers' earning potential, in violation of the Indiana BOTA, I.C. § 24-5-8-5.

187.    On information and belief, Tradition Transportation did not provide the statutorily required data to any drivers to substantiate the company's claims about the amount of compensation drivers earn.

188.    Third, the Indiana BOTA requires sellers to provide investors with a disclosure document and cover sheet with statutorily required information.  *See* I.C. § 24-5-8-2.

189.    Tradition Transportation never provided Plaintiff with a disclosure document or cover sheet with the statutorily required information concerning the business opportunity the company offered to him, in violation of the Indiana BOTA, I.C. § 24-5-8-2.

190.    On information and belief, Tradition Transportation never provided any lease purchase drivers with a disclosure document or cover sheet with the statutorily required information concerning the business opportunity the company offered them, in violation of the Indiana BOTA, I.C. § 24-5-8-2.

191.    Fourth, the Indiana BOTA requires sellers to provide investors with a statutorily required notice of their right to cancel leases within 30 days of executing them.  *See* I.C. § 24-5-8-6(b)(6).

192.    Tradition Transportation failed to provide Plaintiff any notice of his right to cancel his trailer lease within 30 days of executing it, in violation of the Indiana BOTA, I.C. § 24-5-8-6(b)(6).

193.    On information and belief, Tradition Transportation failed to provide any lease purchase driver with any notice of his or her right to cancel his or her trailer lease within 30 days of executing it, in violation of the Indiana BOTA, I.C. § 24-5-8-6(b)(6).

194.    Fifth, the Indiana BOTA requires sellers to include their business address in contracts with investors.  *See* I.C. § 24-5-8-6(b)(1).

195.    Tradition Transportation failed to include its business address in the ICA that Plaintiff executed, in violation of the Indiana BOTA, I.C. § 24-5-8-6(b)(1).

196.    On information and belief, Tradition Transportation failed to include its business address in the ICA (or similar contract) any lease purchase driver executed, in violation of the Indiana BOTA, I.C. § 24-5-8-6(b)(1).

197.    Sixth, the Indiana BOTA requires sellers to include in contracts with investors the name and business address of an agent in Indiana who was authorized to receive service of process for the seller.  *See id*.

198.    Tradition Transportation failed to include in the ICA that Plaintiff executed the name and business address of an agent in Indiana who was authorized to receive service of process for the company, in violation of the Indiana BOTA, I.C. § 24-5-8-6(b)(1).

199.    On information and belief, Tradition Leasing failed to include in the MELA (or similar contract) other lease purchase drivers executed the name and business address of an agent in Indiana who was authorized to receive service of process for the company, in violation of the Indiana BOTA, I.C. § 24-5-8-6(b)(1).

**G.      Tradition Leasing violated the Indiana BOTA.**

200.      Tradition Leasing's business of leasing trucks that are used by drivers for beginning and/or operating a trucking business, and offers to lease the same, are "business opportunities" under the Indiana BOTA.  *See* I.C. § 24-5-8-1.

201.      Drivers who lease trucks from Tradition Leasing are "investors" under the Indiana BOTA.  *See id.*

202.      Tradition Leasing has violated the Indiana BOTA in several ways.

203.      First, the Indiana BOTA requires sellers to provide investors with certain data to substantiate any claims made about earning potential.  *See* I.C. § 24-5-8-5.

204.      Tradition Leasing makes multiple claims on its website about the amount of compensation drivers earn, such as "Average Gross weekly $6000+."  *See, e.g.,* https://www.traditionequipmentsales.com/Inventory/?/listing/for-lease/210372947/2017-freightliner-cascadia-125-conventional-trucks-w-slash-sleeper-heavy-dutytrucks?dlr=1&accountcrmid=17319902&settingscrmid=17319902 (last visited Sept. 20, 2022).

205.      Tradition Leasing did not provide Plaintiff with the statutorily required data to substantiate the company's claims about drivers' earning potential, in violation of the Indiana BOTA, I.C. § 24-5-8-5.

206.      On information and belief, Tradition Leasing never provided any drivers with the statutorily required data to substantiate the company's claims about drivers' earning potential, in violation of the Indiana BOTA, I.C. § 24-5-8-5.

207.      Second, the Indiana BOTA prohibits sellers from seeking waivers from investors that cut off any right or defense investors have under its provisions against sellers.  *See* I.C. §§ 24-5-8-8, 24-5-8-9, 24-5-8-10.

208.    The MELA contains a clause that waives all claims against Tradition Leasing except those which concern "obligations of [the company] that arise out of or as a result of" the MELA.  *See* Ex. C, Part IV, § 2.

209.    That clause is invalid because it cuts off various rights Plaintiff and other drivers have under the Indiana BOTA, in violation of I.C. §§ 24-5-8-8, 24-5-8-9, 24-5-8-10.

210.    Third, the Indiana BOTA requires sellers to provide investors with a disclosure document and cover sheet with specific information.  *See* I.C. § 24-5-8-2.

211.    Tradition Leasing never provided Plaintiff with a disclosure document or cover sheet with the statutorily required information concerning his truck lease, in violation of the Indiana BOTA, I.C. § 24-5-8-2.

212.    On information and belief, Tradition never provided any lease purchase drivers with a disclosure document or cover sheet with the statutorily required information concerning truck leases, in violation of BOTA, I.C. § 24-5-8-2.

213.    Fourth, the Indiana BOTA requires sellers to provide investors with a statutorily required notice of their right to cancel leases within 30 days of executing them that complies with I.C. § 24-5-8-6(b)(6).

214.    Tradition Leasing failed to provide Plaintiff with any notice of his right to cancel his truck lease within 30 days of executing it, in violation of the Indiana BOTA, I.C. § 24-5-8-6(b)(6).

215.    On information and belief, Tradition Leasing failed to provide any lease purchase driver with any notice of his or her right to cancel his or her truck lease within 30 days of executing it, in violation of the Indiana BOTA, I.C. § 24-5-8-6(b)(6).

216.    Fifth, the Indiana BOTA requires sellers to include their business address in contracts with investors.  *See* I.C. § 24-5-8-6(b)(1).

217.    Tradition Leasing failed to include its business address in the MELA that Plaintiff executed, in violation of the Indiana BOTA, I.C. § 24-5-8-6(b)(1).

218.    On information and belief, Tradition Leasing failed to include its business address in the MELA (or similar contract) any lease purchase driver executed, in violation of the Indiana BOTA, I.C. § 24-5-8-6(b)(1).

219.    Sixth, the Indiana BOTA requires sellers to include in contracts with investors the name and business address of an agent in Indiana who was authorized to receive service of process for the seller.  *See id*.

220.    Tradition Leasing failed to include in the MELA the name and business address of an agent in Indiana who was authorized to receive service of process for the company, in violation of the Indiana BOTA, I.C. § 24-5-8-6(b)(1).

221.    On information and belief, Tradition Leasing failed to include in the MELA (or similar contract) other lease purchase drivers executed the name and business address of an agent in Indiana who was authorized to receive service of process for the company, in violation of the Indiana BOTA, I.C. § 24-5-8-6(b)(1).

## V.    FLSA COLLECTIVE ACTION ALLEGATIONS AGAINST TRADITION TRANSPORTATION.

### A.    Minimum wage for new hire orientation and/or training.

222.    Plaintiff brings FLSA wage claims concerning new hire orientation and/or training against Tradition Transportation on behalf of a collective of drivers pursuant to 29 U.S.C. § 216(b).

223.    Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the collective as follows:

> ALL INDIVIDUALS WHO HAVE ATTENDED NEW HIRE ORIENTATION AND/OR TRAINING WITH TRADITION TRANSPORTATION DURING THE APPLICABLE STATUTORY PERIOD AND WHO DID NOT RECEIVE AN HOURLY RATE EQUAL TO OR EXCEEDING FEDERAL MINIMUM WAGE FOR THEIR TIME.

224.    These claims meet the requirements for collective action certification under the FLSA.

225.    All potential opt-in plaintiffs are similarly situated with respect to the FLSA claims concerning new hire orientation and/or training with Tradition Transportation because they did not receive an hourly rate equal to or exceeding federal minimum wage for attending the orientation and/or training.

**B.    Minimum wage for all hours worked.**

226.    Plaintiff brings FLSA wage claims for all hours worked against Tradition Transportation on behalf of a collective of drivers pursuant to 29 U.S.C. § 216(b).

227.    Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the collective as follows:

> ALL INDIVIDUALS WHO TRADITION TRANSPORTATION ENGAGED AS A LEASE PURCHASE DRIVER DURING THE APPLICABLE STATUTORY PERIOD AND WHO DID NOT RECEIVE AN HOURLY RATE EQUAL TO OR EXCEEDING FEDERAL MINIMUM WAGE FOR ALL HOURS WORKED.

228.    These claims meet the requirements for collective action certification under the FLSA.

229.    All potential opt-in plaintiffs are similarly situated with respect to the FLSA claims concerning minimum wage because Tradition Transportation engaged all of them as lease

purchase drivers but failed to pay them an hourly rate equal to or exceeding federal minimum wage for all the hours they worked.

## VI.    RULE 23 CLASS ACTION ALLEGATIONS AGAINST TRADITION TRANSPORTATION.

### A.    Indiana state law wage claims.

#### i.    Misclassification as independent contractors.

230.    Plaintiff brings Indiana state law misclassification claims against Tradition Transportation on behalf of a class pursuant to Fed. R. Civ. P. 23.

231.    Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the class as follows:

> ALL INDIVIDUALS WHO TRADITION TRANSPORTATION ENGAGED AS DRIVERS TO TRANSPORT GOODS IN INTERSTATE COMMERCE AND CLASSIFIED AS INDEPENDENT CONTRACTORS DURING THE APPLICABLE STATUTORY PERIOD.

232.    All potential plaintiffs in this class are similarly situated because Tradition Transportation engaged them as drivers to transport goods in interstate commerce and misclassified them as independent contractors when they were really the company's employees.

233.    By misclassifying Plaintiff and all other lease purchase drivers as independent contractors, Tradition Transportation failed to pay them wages and/or benefits they were entitled to receive.

234.    Tradition Transportation committed this violation of Indiana state wage laws in bad faith.

235.    The members of the class are so numerous that joinder of all of them is impracticable.  On information and belief, the number of class members exceeds 40.

236.    There are issues of law and fact common to all class members because Tradition Transportation's classification policy applies to all class members.  The common questions of law and fact predominate over any questions affecting individual class members.

237.    Plaintiff's claims are typical of the claims of all members of the class because all members of the class were subject to the same unlawful practices.

238.    Plaintiff and his counsel will fairly and adequately represent the interests of the class.

239.    The claims asserted on behalf of the class predominate over any question of law or fact affecting only individual members of the class.  The predominant questions of law or fact are clear, precise, well-defined, and applicable to Plaintiff as well as every absent member of the proposed class.

240.    A class action is superior for this claim for several reasons including, but not limited to, that:  the claim challenges Tradition Transportation's uniform employment classification practices; many employees may be reluctant to bring claims individually for fear of retaliation; some class members may not have the motivation or resources to bring their claims individually; and it would be an inefficient use of scarce judicial resources to require each employee affected by the practices challenged herein to bring his or her own individual claim.

241.    Public policy supports the broad remedial purposes of class actions in general and specifically to vindicate the rights afforded employees by Indiana state wage laws, whose individual claims may be too small to warrant the expense of litigation.

242.    The contours of the class will be easily defined by reference to business records kept by Tradition Transportation.

243.    Tradition Transportation has acted on grounds generally applicable to the class.

ii.      **Failure to pay wages.**

244.    Plaintiff brings Indiana state law wage claims against Tradition Transportation on behalf of a class pursuant to Fed. R. Civ. P. 23.

245.    Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the class as follows:

> ALL INDIVIDUALS WHO TRADITION TRANSPORTATION ENGAGED AS DRIVERS TO TRANSPORT GOODS IN INTERSTATE COMMERCE AND SUBJECTED TO INVALID ASSIGNMENTS OF WAGES THEY EARNED.

246.    All potential plaintiffs in this class are similarly situated because Tradition Transportation engaged them as drivers to transport goods in interstate commerce and took deductions from their wages that were not revocable and/or were not authorized by Indiana state wage laws.

247.    By subjecting Plaintiff and other similarly situated drivers to invalid assignments of wages they earned, Tradition Transportation failed to timely pay them wages.

248.    Tradition Transportation's violations of the Indiana state wage laws were committed in bad faith.

249.    The members of the class are so numerous that joinder of all of them is impracticable.  On information and belief, the number of class members exceeds 40.

250.    There are issues of law and fact common to all class members because Tradition Transportation's wage payment practices apply to all class members.  The common questions of law and fact predominate over any questions affecting individual class members.

251.    Plaintiff's claims are typical of the claims of all members of the class because all members of the class were subject to the same unlawful practices.

252.    Plaintiff and his counsel will fairly and adequately represent the interests of the class.

253.    The claims asserted on behalf of the class predominate over any question of law or fact affecting only individual members of the class.  The predominant questions of law or fact are clear, precise, well-defined, and applicable to Plaintiff as well as every absent member of the proposed class.

254.    A class action is superior in this case for several reasons including, but not limited to, that:  the case challenges Tradition Transportation's uniform wage payment and deduction practices; many employees may be reluctant to bring claims individually for fear of retaliation; some class members may not have the motivation or resources to bring their claims individually; and it would be an inefficient use of scarce judicial resources to require each employee affected by the practices challenged herein to bring his or her own individual claim.

**B.    TIL claims.**

255.    Plaintiff brings TIL claims against Tradition Transportation on behalf of a class pursuant to Fed. R. Civ. P. 23.

256.     Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the class as follows:

> ALL INDIVIDUALS WHO HAVE EXECUTED THE ICA (OR SIMILAR CONTRACT) TO BECOME DRIVERS WITH TRADITION TRANSPORTATION AT ANY TIME DURING THE APPLICABLE STATUTORY PERIOD.

257.    All potential plaintiffs in this class are similarly situated because Tradition Transportation leased trailers to them but failed to provide them with lease agreements, required them to pay escrow funds but did not pay them interest on those funds, failed to specify the items to which the escrow funds could be applied, failed to clearly state in the ICAs the amount

Tradition Transportation would pay them for the equipment the company leased from them and/or for the services they provided to the company, failed to clearly specify in the ICA all items that would be initially paid for by Tradition Transportation and later recovered as a chargeback from their compensation or settlement, or provide a recitation as to how the amount of each item was to be paid computed, failed to clearly set forth in the ICA their responsibilities with respect to the cost of fuel, and/or failed to specify in the ICA the terms of any agreement in which they were parties to equipment rental contracts that gave Tradition Transportation the right to take deductions from their compensation for rental payments.

258.    Tradition Transportation's acts and omissions violated 49 U.S.C. § 14102 and the TIL regulations.

259.    The members of the class are so numerous that joinder of all of them is impracticable.  On information and belief, the number of class members exceeds 40.

260.    There are issues of law and fact common to all class members because Tradition Transportation subjected Plaintiff and other drivers to the same unlawful practices and policies. The common questions of law and fact predominate over any questions affecting individual class members.

261.    Plaintiff's claims are typical of the claims of all members of the class because all members of the class were subject to the same unlawful practices.

262.    Plaintiff and his counsel will fairly and adequately represent the interests of the class.

263.    The claims asserted on behalf of the class predominate over any question of law or fact affecting only individual members of the class.  The predominant questions of law or fact

are clear, precise, well-defined, and applicable to Plaintiff as well as every absent member of the proposed class.

264.    A class action is superior for this claim for several reasons including, but not limited to, that:  the claim challenges Tradition Transportation's standard business practices and/or policies; many employees may be reluctant to bring claims individually for fear of retaliation; some class members may not have the motivation or resources to bring their claims individually; and it would be an inefficient use of scarce judicial resources to require each employee affected by the practices challenged herein to bring his or her own individual claim.

265.    Public policy supports the broad remedial purposes of class actions in general and specifically to vindicate the rights afforded by 49 U.S.C. § 14102 and the TIL regulations to consumers, whose individual claims may be too small to warrant the expense of litigation.

266.    The contours of the class will be easily defined by reference to business records kept by Tradition Transportation.

267.    Tradition Transportation has acted on grounds generally applicable to the class.

**C.    Indiana BOTA claims.**

268.    Plaintiff brings Indiana BOTA claims against Tradition Transportation on behalf of a class pursuant to Fed. R. Civ. P. 23.

269.    Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the class as follows:

> ALL INDIVIDUALS WHO HAVE EXECUTED THE ICA (OR SIMILAR CONTRACT) TO BECOME DRIVERS WITH TRADITION TRANSPORTATION AT ANY TIME DURING THE APPLICABLE STATUTORY PERIOD.

270.    All potential plaintiffs in this class are similarly situated because Tradition Transportation leased trailers to them but failed to provide them with lease agreements, failed to

provide them with statutorily required disclosures concerning the business opportunity the company offered them, failed to provide them with any notice of their right to cancel their trailer leases within 30 days of signing them, made claims about drivers' earning potential but failed to provide certain statutorily required data to substantiate the claims, failed to provide them with the company's business address, and failed to provide them with the name and business address of an agent Indiana who was authorized to receive service of process for the company.

271.    Tradition Transportation's acts and omissions violated the Indiana BOTA.

272.    The members of the class are so numerous that joinder of all of them is impracticable.  On information and belief, the number of class members exceeds 40.

273.    There are issues of law and fact common to all class members because Tradition Transportation subjected Plaintiff and other drivers to the same unlawful practices and policies. The common questions of law and fact predominate over any questions affecting individual class members.

274.    Plaintiff's claims are typical of the claims of all members of the class because all members of the class were subject to the same unlawful practices.

275.    Plaintiff and his counsel will fairly and adequately represent the interests of the class.

276.    The claims asserted on behalf of the class predominate over any question of law or fact affecting only individual members of the class.  The predominant questions of law or fact are clear, precise, well-defined, and applicable to Plaintiff as well as every absent member of the proposed class.

277.    A class action is superior for this claim for several reasons including, but not limited to, that:  the claim challenges Tradition Transportation's standard business practices

and/or policies; many employees may be reluctant to bring claims individually for fear of retaliation; some class members may not have the motivation or resources to bring their claims individually; and it would be an inefficient use of scarce judicial resources to require each employee affected by the practices challenged herein to bring his or her own individual claim.

278.    Public policy supports the broad remedial purposes of class actions in general and specifically to vindicate the rights afforded by the Indiana BOTA to investors, whose individual claims may be too small to warrant the expense of litigation.

279.    The contours of the class will be easily defined by reference to business records kept by Tradition Transportation.

280.    Tradition Transportation has acted on grounds generally applicable to the class.

## VII.    RULE 23 CLASS ACTION ALLEGATIONS AGAINST TRADITION LEASING.

### A.    Indiana BOTA claims.

281.    Plaintiff brings the Indiana BOTA claims against Tradition Leasing as a class action pursuant to Fed. R. Civ. P. 23.

282.    Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the class as follows:

> ALL INDIVIDUALS WHO HAVE EXECUTED THE MELA (OR SIMILAR CONTRACT) TO LEASE EQUIPMENT FROM TRADITION LEASING AT ANY TIME DURING THE APPLICABLE STATUTORY PERIOD.

283.    All potential plaintiffs in this class are similarly situated because Tradition Leasing leased trucks to them but failed to provide them with lease agreements, failed to provide them with statutorily required disclosures concerning the business opportunity the company offered them, failed to provide them with any notice of their right to cancel their trailer leases

within 30 days of signing them, made claims about drivers' earning potential but failed to provide certain statutorily required data to substantiate the claims, failed to provide them with the company's business address, and failed to provide them with the name and business address of an agent in Indiana who was authorized to receive service of process for the company.

284.    Tradition Transportation's acts and omissions violated the Indiana BOTA.

285.    The members of the class are so numerous that joinder of all of them is impracticable.  On information and belief, the number of class members exceeds 40.

286.    There are issues of law and fact common to all class members because Tradition Transportation subjected Plaintiff and other drivers to the same unlawful practices and policies. The common questions of law and fact predominate over any questions affecting individual class members.

287.    Plaintiff's claims are typical of the claims of all members of the class because all members of the class were subject to the same unlawful practices.

288.    Plaintiff and his counsel will fairly and adequately represent the interests of the class.

289.    The claims asserted on behalf of the class predominate over any question of law or fact affecting only individual members of the class.  The predominant questions of law or fact are clear, precise, well-defined, and applicable to Plaintiff as well as every absent member of the proposed class.

290.    A class action is superior for this claim for several reasons including, but not limited to, that:  the claim challenges Tradition Leasing's standard business practices and/or policies; many employees may be reluctant to bring claims individually for fear of retaliation; some class members may not have the motivation or resources to bring their claims individually;

and it would be an inefficient use of scarce judicial resources to require each employee affected by the practices challenged herein to bring his or her own individual claim.

291.    Public policy supports the broad remedial purposes of class actions in general and specifically to vindicate the rights afforded by the Indiana BOTA to investors, whose individual claims may be too small to warrant the expense of litigation.

292.    The contours of the class will be easily defined by reference to business records kept by Tradition Leasing.

293.    Tradition Leasing has acted on grounds generally applicable to the class.

### COUNT I – FLSA CLAIMS AGAINST TRADITION TRANSPORTATION
### (New Hire Orientation and/or Training Minimum Wage)

Tradition Transportation's conduct, in failing to pay its drivers at least minimum wage for attending new hire orientation and/or training, violates the FLSA, 29 U.S.C. § 201, et seq. This claim is brought on behalf of the named Plaintiff and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b).

### COUNT II – FLSA CLAIMS AGAINST TRADITION TRANSPORTATION
### (Minimum Wage Class Claim for All Hours Worked)

Tradition Transportation's conduct, in failing to pay its drivers at least minimum wage for all hours works, violates the FLSA, 29 U.S.C. § 201, et seq.  This claim is brought on behalf of the named Plaintiff and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b).

### COUNT III – INDIANA STATE WAGE LAW CLAIMS AGAINST
### TRADITION TRANSPORTATION
### (Irrevocable Wage Assignments)

Tradition Transportation's conduct, in taking irrevocable wage assignments from drivers' wages, violates I.C. § 22-2-6-2(a)(1)(C).  This claim is brought on behalf of the named Plaintiff and all other similarly situated individuals pursuant to Fed. R. Civ. P. 23.

### COUNT IV – INDIANA STATE WAGE LAW CLAIMS AGAINST
### TRADITION TRANSPORTATION
### (Invalid Wage Assignments)

Tradition Transportation's conduct, in taking invalid wage assignments from drivers' wages, violates I.C. § 22-2-6-2(b).  This claim is brought on behalf of the named Plaintiff and all other similarly situated individuals pursuant to Fed. R. Civ. P. 23.

### COUNT V – INDIANA STATE WAGE LAW CLAIMS AGAINST
### TRADITION TRANSPORTATION
### (Failure to Timely Pay Wages)

Tradition Transportation's conduct, in taking invalid wage assignments from drivers' wages, violates I.C. § 22-2-5-1.  This claim is brought on behalf of the named Plaintiff and all other similarly situated individuals pursuant to Fed. R. Civ. P. 23.

### COUNT VI – TIL REGULATIONS CLAIMS AGAINST
### TRADITION TRANSPORTATION
### (Failure to provide lease agreements for leased trailers)

Tradition Transportation's conduct, in leasing trailers to drivers and not giving them lease agreements, violates 49 U.S.C. § 14102 and the TIL regulations, 49 C.F.R. § 376.11 *et seq.*  This claim is brought on behalf of the named Plaintiff and all other similarly situated individuals pursuant to Fed. R. Civ. P. 23.

### COUNT VII – TIL REGULATIONS CLAIMS AGAINST
### TRADITION TRANSPORTATION
### (Failure to pay interest on escrow funds)

Tradition Transportation's conduct, in failing to pay interest to drivers on escrow funds, violates 49 U.S.C. § 14102 and the TIL regulations, 49 C.F.R. § 376.12(k)(5).  This claim is brought on behalf of the named Plaintiff and all other similarly situated individuals pursuant to Fed. R. Civ. P. 23.

### COUNT VIII – TIL REGULATIONS CLAIMS AGAINST
### TRADITION TRANSPORTATION

**(Failure to enumerate the specific items to which escrow funds can be applied)**

Tradition Transportation's conduct, in failing to **enumerate** the specific items to which escrow funds can be applied, violates 49 U.S.C. § 14102 and the TIL regulations, 49 C.F.R. § 376.12(k)(2).  This claim is brought on behalf of the named Plaintiff and all other similarly situated individuals pursuant to Fed. R. Civ. P. 23.

## COUNT IX – TIL REGULATIONS CLAIMS AGAINST TRADITION TRANSPORTATION
**(Failure to clearly state the amount(s) to be paid to drivers for equipment leased from them or for services they provide)**

Tradition Transportation's conduct, in failing to clearly state the amount(s) to be paid to drivers for equipment leased from them or for services they provide, violates 49 U.S.C. § 14102 and the TIL regulations, 49 C.F.R. § 376.12(d).  This claim is brought on behalf of the named Plaintiff and all other similarly situated individuals pursuant to Fed. R. Civ. P. 23.

## COUNT X – TIL REGULATIONS CLAIMS AGAINST TRADITION TRANSPORTATION
**(Failure to clearly specify all items that may be initially paid for by Tradition Transportation, but ultimately deducted from a drivers' compensation)**

Tradition Transportation's conduct, in failing to clearly specify all items that may be initially paid for by the company, but ultimately deducted from a driver's compensation at the time of payment or settlement, together with a recitation as to how the amount of each item is to be computed, violates 49 U.S.C. § 14102 and the TIL regulations, 49 C.F.R. § 376.12(h).  This claim is brought on behalf of the named Plaintiff and all other similarly situated individuals pursuant to Fed. R. Civ. P. 23.

## COUNT XI – TIL REGULATIONS CLAIMS AGAINST TRADITION TRANSPORTATION
**(Failure to clearly set forth each party's responsibility with respect to the cost of fuel in the ICA)**

Tradition Transportation's conduct, in failing to clearly set forth each party's responsibility with respect to the cost of fuel, violates 49 U.S.C. § 14102 and the TIL regulations, 49 C.F.R. § 372.12(e).  This claim is brought on behalf of the named Plaintiff and all other similarly situated individuals pursuant to Fed. R. Civ. P. 23.

## COUNT XII – TIL REGULATIONS CLAIMS AGAINST TRADITION TRANSPORTATION
**(Failure to specify the terms of any agreement in which drivers were parties to an equipment rental contract that gave Tradition Transportation the right to make deductions from the drivers' compensation for rental payments)**

Tradition Transportation's conduct, in failing to specify the terms of any agreement in which drivers were parties to an equipment rental contract which gave Tradition Transportation a right to take deductions from drivers' compensation for rental payments, violates 49 U.S.C. § 14102 and the TIL regulations, 49 C.F.R. § 376.12(i).  This claim is brought on behalf of the named Plaintiff and all other similarly situated individuals pursuant to Fed. R. Civ. P. 23.

## COUNT XIII – INDIANA BOTA CLAIMS AGAINST TRADITION TRANSPORTATION
**(Failure to provide lease agreements for trailers)**

Tradition Transportation's conduct, in leasing trailers to drivers and not giving them lease agreements, violates the Indiana BOTA, I.C. §§ 24-5-8-6(a), 24-5-8-16(a)(3).  This claim is brought on behalf of the named Plaintiff and all other similarly situated individuals pursuant to Fed. R. Civ. P. 23.

## COUNT XIV – INDIANA BOTA CLAIMS AGAINST TRADITION TRANSPORTATION
**(Failure to provide data to substantiate claims about drivers' earning potential)**

Tradition Transportation's conduct, in making claims about drivers' earning potential but failing to provide certain statutorily required data to substantiate those claims, violates the

Indiana BOTA, I.C. § 24-5-8-5.  This claim is brought on behalf of the named Plaintiff and all other similarly situated individuals pursuant to Fed. R. Civ. P. 23.

## COUNT XV – INDIANA BOTA CLAIMS AGAINST TRADITION TRANSPORTATION
### (Failure to provide drivers with statutorily mandated disclosures)

Tradition Transportation's conduct, in failing to provide drivers with statutorily mandated disclosures, violates the Indiana BOTA, I.C. § 24-5-8-2.  This claim is brought on behalf of the named Plaintiff and all other similarly situated individuals pursuant to Fed. R. Civ. P. 23.

## COUNT XVI – INDIANA BOTA CLAIMS AGAINST TRADITION TRANSPORTATION
### (Failure to provide drivers with notice of right to cancel leases)

Tradition Transportation's conduct, in failing to provide lessors with notice of their right to cancel their equipment leases within 30 days of executing them, violates the Indiana BOTA, I.C. § 24-5-8-6(b)(6).  This claim is brought on behalf of the named Plaintiff and all other similarly situated individuals pursuant to Fed. R. Civ. P. 23.

## COUNT XVII – INDIANA BOTA CLAIMS AGAINST TRADITION TRANSPORTATION
### (Failure to include the company's business address in contracts with drivers)

Tradition Transportation's conduct, in failing to include its business address in contracts with lessors, violated the Indiana BOTA, I.C. § 24-5-8-6(b)(1).  This claim is brought on behalf of the named Plaintiff and all other similarly situated individuals pursuant to Fed. R. Civ. P. 23.

## COUNT XVIII – INDIANA BOTA CLAIMS AGAINST TRADITION TRANSPORTATION
### (Failure to include in contracts with drivers the name and business address of agent in Indiana who was authorized to receive service of process)

Tradition Transportation's conduct, in failing to include in contracts with lessors the name and business address of an agent in Indiana who was authorized to receive service of process for the company, violated the Indiana BOTA, I.C. § 24-5-8-6(b)(1).  This claim is

brought on behalf of the named Plaintiff and all other similarly situated individuals pursuant to Fed. R. Civ. P. 23.

### COUNT XIX – INDIANA BOTA CLAIMS AGAINST TRADITION LEASING
### (Failure to provide data to substantiate claims about drivers' earning potential)

Tradition Leasing's conduct, in making claims about drivers' earning potential but failing to provide certain statutorily required data to substantiate those claims, violates the Indiana BOTA, I.C. § 24-5-8-5.  This claim is brought on behalf of the named Plaintiff and all other similarly situated individuals pursuant to Fed. R. Civ. P. 23.

### COUNT XX – INDIANA BOTA CLAIMS AGAINST TRADITION LEASING
### (Illegal waivers that cut of rights or defenses drivers have under the Indiana BOTA)

Tradition Leasing's conduct, in including a clause in the MELA that waives claims against Tradition Leasing except those which concern "obligations of [the company] that arise out of or as a result of" the MELA, violates the Indiana BOTA, I.C. §§ 24-5-8-8, 24-5-8-9, 24-5-8-10.  This claim is brought on behalf of the named Plaintiff and all other similarly situated individuals pursuant to Fed. R. Civ. P. 23.

### COUNT XXI – INDIANA BOTA CLAIMS AGAINST TRADITION LEASING
### (Failure to provide drivers with statutorily mandated disclosures)

Tradition Leasing's conduct, in failing to provide drivers with statutorily mandated disclosures, violates the Indiana BOTA, I.C. § 24-5-8-2.  This claim is brought on behalf of the named Plaintiff and all other similarly situated individuals pursuant to Fed. R. Civ. P. 23.

### COUNT XXXII – INDIANA BOTA CLAIMS AGAINST TRADITION LEASING
### (Failure to provide drivers with notice of right to cancel leases)

Tradition Leasing's conduct, in failing to provide lessors with notice of their right to cancel their equipment leases within 30 days of executing them, violates the Indiana BOTA, I.C.

§ 24-5-8-6(b)(6).  This claim is brought on behalf of the named Plaintiff and all other similarly situated individuals pursuant to Fed. R. Civ. P. 23.

## COUNT XXIII – INDIANA BOTA CLAIMS AGAINST TRADITION TRANSPORTATION
### (Failure to include the company's business address in contracts with drivers)

Tradition Leasing's conduct, in failing to include its business address in contracts with lessors, violated the Indiana BOTA, I.C. § 24-5-8-6(b)(1).  This claim is brought on behalf of the named Plaintiff and all other similarly situated individuals pursuant to Fed. R. Civ. P. 23.

## COUNT XXIV – INDIANA BOTA CLAIMS AGAINST TRADITION LEASING
### (Failure to include in contracts with drivers the name and business address of agent in Indiana who was authorized to receive service of process)

Tradition Leasing's conduct, in failing to include in contracts with lessors the name and business address of an agent in Indiana who was authorized to receive service of process for the company, violated the Indiana BOTA, I.C. § 24-5-8-6(b)(1).  This claim is brought on behalf of the named Plaintiff and all other similarly situated individuals pursuant to Fed. R. Civ. P. 23.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter the following relief:

a.    Certification of an opt-in class of Plaintiff's FLSA claims against Tradition Transportation pursuant to the FLSA, 29 U.S.C. § 201, et seq.;

b.    Permission for Plaintiff to notify fellow employees of their right to opt into this action to pursue a claim against Tradition Transportation under the FLSA, pursuant to 29 U.S.C. § 216(b);

c.      Certification of the Indiana state wage law claims against Tradition Transportation as a class action under Fed. R. Civ. P. 23;

d.      An award of damages against Tradition Transportation for all minimum wages, unlawful wage assignments, and other unpaid wages that are due to Plaintiff and all similarly situated employees under the FLSA;

e.      Statutory liquidated damages against Tradition Transportation under the FLSA;

f.      A finding that Tradition Transportation's violation of the FLSA was willful and that, therefore, the statute of limitations for the FLSA claim is three years;

g.      An award of damages against Tradition Transportation for all minimum wages, unlawful deductions, and other unpaid wages that are due to Plaintiff and all similarly situated individuals under Indiana state wage laws;

h.      A finding that Tradition Transportation's violation of Indiana state wage laws was willful and that, therefore, Plaintiff and all other similarly situated individuals are entitled to liquidated damages;

i.      Certification of the TIL claims against Tradition Transportation as a class action under Fed. R. Civ. P. 23;

j.      A judgment against Tradition Transportation for all damages drivers sustained as a result of the company's violations of the TIL regulations;

k.      Injunctive relief requiring Tradition Transportation to comply fully with the Truth-in-Leasing regulations in its contracts with drivers;

l.      Certification of the Indiana BOTA claims against Tradition Transportation as a class action under Fed. R. Civ. P. 23;

m.      A judgment against Tradition Transportation for all damages drivers sustained as a result of the company's violations of the Indiana BOTA;

n.      Injunctive relief requiring Tradition Transportation to comply fully with the Indiana BOTA in its contracts with drivers;

o.      A finding that the ICA is void and that Plaintiff and all other similarly situated individuals are entitled to a return from Tradition Transportation of all consideration Plaintiff and all other similarly situated individuals paid to the company;

p.      Certification of the Indiana BOTA claims against Tradition Leasing as a class action under Fed. R. Civ. P. 23;

q.      A judgment against Tradition Leasing for all damages drivers sustained as a result of the company's violations of the Indiana BOTA;

r.      Injunctive relief requiring Tradition Leasing to comply fully with the Indiana BOTA in its contracts with drivers;

s.      A finding that the MELA is void and that Plaintiff and all other similarly situated individuals are entitled to a return from Tradition Leasing of all consideration Plaintiff and all other similarly situated individuals paid to the company for the maximum applicable time period;

t.      An award of attorneys' fees and costs;

u.      Pre- and post-judgment interest; and

v.      Any other relief to which Plaintiff and similarly situated employees may be entitled.

Respectfully submitted,

ANTHONY TARASOFF, on behalf of himself and all others similarly situated,

By his attorneys,

/s/ Brook S. Lane

Hillary Schwab*
Brook S. Lane*
FAIR WORK, P.C.
192 South Street, Suite 450
Boston, MA 02111
(617) 607-3260
www.fairworklaw.com
hillary@fairworklaw.com
brook@fairworklaw.com

*PRO HAC VICE ADMISSION PENDING*

Dated: December 19, 2022